UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREGORY K. PEACOCK, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-10-2273 |
| | § | |
| CARPEDIA INTERNATIONAL, LTD*., et al.,* | § | |
| *Defendants.* | § | |

**ORDER**

Pending before the court are plaintiff Gregory K. Peacock's ("Peacock") motion to strike and

objections to defendant Carpedia International, Ltd.'s ("Carpedia") bill of costs (Dkt. 193). Having

reviewed the parties' arguments, evidence of record, and applicable law, Peacock's motion to strike

is **DENIED**, and his objections are **SUSTAINED IN PART & OVERRULED IN PART**.

**I. BACKGROUND**

Peacock filed this lawsuit in 2010, alleging claims for breach of contract, fraudulent

inducement, and tortious interference with contract. Dkt. 190 at 3. Specifically, Peacock claimed

that Carpedia failed to pay him commissions he was owed, fraudulently induced him to join

Carpedia through promises of lucrative commissions that never materialized, and tortiously

interfered with his employment contract. *Id.* at 3–4. Peacock also alleged that Mark and Peter

Follows, Carpedia's president and director, respectively, committed fraudulent inducement and

tortious interference. *Id.*[1] Peacock sought at least $2 million in lost commissions from Carpedia.

*See* Dkt. 59, Ex. E at 2.

In response to Peacock's complaint, Carpedia counterclaimed for fraud and/or negligent

misrepresentation, breach of contract, money had and received, and declaratory judgment. Dkt. 190

---

[1] The Follows were dismissed from this case for lack of personal jurisdiction on May 31, 2012. Dkt. 189.

at 14.  Carpedia alleged that the approximately $17,000 advance on the severance package that

Peacock received bound him to accept the severance agreement.  *Id.* at 4; *see also* Dkt. 135, Ex. B

(Aff. of M. Fellows) at 4 ¶ 8 (stating that Peacock was paid a severance advance of $17,188).

Alternatively, Carpedia contended that Peacock should return the advance payment after failing to

accept the release in the severance agreement.  Dkt. 190 at 4.  Carpedia also counterclaimed for

fraudulent inducement, arguing that Peacock misrepresented his experience to obtain employment

at Carpedia.  *Id.* at 13–14.

On May 31, 2012, the court granted Carpedia summary judgment on Peacock's claims and

Peacock summary judgment on Carpedia's counterclaims.  Dkt. 190.  The Final Judgment dismissed

all of the parties' claims and counterclaims but did not designate a prevailing party.  Dkt. 191.  On

June 14, 2012, Carpedia submitted a bill of costs and requested recovery of the following costs

pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54.2:

(1) fees paid for transcripts, $8,409.75; and

(2) fees paid for exemplification and copies, $ 1,331.40.

Carpedia seeks total costs in the amount of $9,741.15.  Dkt. 192 at 1.  On June 21, 2012,

Peacock filed his objections to Carpedia's bill of costs.[2]  Dkt. 193.  Concurrently with the filing of

his objections, Peacock filed a motion to strike the bill of costs in its entirety on grounds that

Carpedia was not a prevailing party.  *Id.* at 3–4.  Carpedia responded to Peacock's motion and

objections on July 12, 2012.  Dkt. 199.  The motion and objections are ripe for consideration.

---

[2] Local Rule 54.2 provides that an application for costs must be filed within fourteen days of entry of final judgment.  S.D. TEX. L.R. 54.2.  Any objections must be filed within seven days of the bill's filing.  *Id.*  Carpedia filed its bill of costs fourteen days after entry of final judgment, and Peacock filed his objections seven days later.  Accordingly, the bill of costs and objections thereto were timely filed.

## II. ANALYSIS

### A. Legal Standard

Federal Rule of Civil Procedure 54(d)(1) provides that: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorneys' fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). "Under this rule, the decision to award costs turns on whether a party, as a practical matter, has prevailed." *Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985). Rather than piecemeal determination of issues upon which a particular party may have prevailed upon, "[t]he case must be viewed as a whole to determine who was the 'prevailing party'; a party need not prevail on every issue in order to be entitled to costs." *Fogleman v. ARAMCO (Arabian American Oil Co.)*, 920 F.2d 278, 285 (5th Cir. 1991).

The prevailing party may recover the following costs under 28 U.S.C. § 1920:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A court may decline to award the costs listed in the statute but may not award costs omitted from the list, "'absent explicit statutory or contractual authorization to the contrary.'" *Cook Children's Med. Ctr. v. New England PPO Plan*, 491 F.3d 266, 274 (5th Cir. 2007) (quoting *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445, 107 S. Ct. 2494 (1987)).

The prevailing party shall attach an affidavit to its bill affirming that the amount claimed is correct, the costs were necessarily incurred during the case, and the services giving rise to the costs were actually and necessarily performed. 28 U.S.C. § 1924. If the party being taxed has not

specifically objected to a cost, the presumption is that the costs were necessarily incurred for use in the case and will be taxed. *See Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415, 417 (N.D. Tex. 1997) ("[I]n the absence of a specific objection, deposition costs will be taxed as having been necessarily obtained for use in the case."). But once an objection is raised, the party seeking costs bears the burden of verifying that the costs were necessarily incurred in the case rather than for the convenience of counsel. *See Fogleman*, 920 F.2d at 286.

**B. Peacock's Motion to Strike Carpedia's Bill of Costs**

Peacock contends that there is no basis for Carpedia to recover costs because the court neither awarded costs nor identified a prevailing party in the Final Judgment. Dkt. 193 at 3. Peacock also argues that neither party prevailed because Carpedia received the same relief as Peacock, namely the dismissal of its pending claims.[3] *Id.* The court addresses these arguments in turn.

First, while the court did not identify a prevailing party in the Final Judgment, this omission does not preclude Carpedia from seeking costs. Instead, Rule 54(d)(1) contains a strong presumption that "the prevailing party" should recover its costs unless the court, in its discretion, provides reasons against a cost award. *See Schwarz*, 767 F.2d at 131–32. Under the general rule, Carpedia may seek costs, subject to the court's determination of the prevailing party.

Second, the court does not agree with Peacock's conditional statement that Carpedia "received precisely the same relief as Peacock." Dkt. 193 at 3. Although both parties' claims were dismissed on summary judgment, Peacock's claims for fraud and breach of contract relating to

---

[3] The court pauses briefly here to note Peacock's argument that the Followes were dismissed for lack of personal jurisdiction and thus are not prevailing parties. Dkt. 193 at 3. While Peacock is correct that a party dismissed on jurisdictional grounds is not a prevailing party for fee-shifting purposes, *see Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 100–02 (2d Cir. 2006), the Followes did not submit a bill of costs. The bill on file clearly reflects that Carpedia is the sole claimant for costs. Dkt. 192 at 1. Peacock's objection to the recovery of costs by the Followes is therefore OVERRULED AS MOOT.

hundreds of thousands, if not millions, of dollars in lost commissions were the focus of this litigation. Carpedia's claims were defensive in nature and dwarfed by Peacock's requested relief. In these circumstances, the court may, in its discretion, award costs to the defendant, despite the concurrent defeat of its counterclaims. *See Kaepa, Inc. v. Achilles Corp.*, 216 F.3d 1080, 2000 WL 729242, at \*6 (5th Cir. 2000) (unpublished table decision) (recognizing cases in which the defendant is deemed the prevailing party after "successfully avoid[ing] a multi-million dollar judgment"); *see also Scientific Holding Co. v. Plessey Inc.*, 510 F.2d 15, 28 (2d Cir. 1974) (affirming a district court's determination of the defendant as the prevailing party and stating that the district judge "properly exercised his discretion in not denying costs to [defendant] because of the judgment against it on its counterclaim"). Accordingly, the court finds that Carpedia is the prevailing party in this litigation and entitled to enumerated costs under governing law. Peacock's motion to strike is **DENIED**.

## C. Peacock's Objections to Carpedia's Bill of Costs

As stated above, the court may only tax costs as authorized by contract or statute. *Crawford*, 482 U.S. at 445. Under 28 U.S.C. § 1920, Carpedia seeks costs for transcripts and copies "necessarily obtained for use in the case." *See* § 1920(2), (4). Peacock generally objects that certain costs, described below, were not necessary for trial and therefore are not recoverable.

### 1. Certified Copy of John Little's Deposition

Peacock originally objected that Carpedia should not receive costs for the deposition of John Little, the corporate representative of Alexander Proudfoot Consulting ("Alexander"), Peacock's prior employer, as that deposition was not reasonably expected to be used for trial preparation. Dkt. 193 at 4–5; *Fogleman*, 920 F.2d at 285 (deposition transcript costs are recoverable if "at the time [the deposition] was taken, [it] could reasonably be expected to be used for trial preparation, rather than

merely for discovery"). However, in a subsequent filing, Peacock withdrew its objection to these costs. Dkt. 198. Peacock's objection is **OVERRULED AS MOOT**.

> 2.      *Peacock's Employment Records from Alexander*

"Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court." *Fogleman*, 920 F.2d at 285–86. Peacock contends that copies of employment records from Alexander "seem to have no connection to this case at all, but certainly no connection to any claim on which Carpedia could be deemed to have prevailed." Dkt.193 at 5. This statement is factually and legally erroneous.

Peacock's argument that the records are not related to a claim on which Carpedia prevailed is itself irrelevant. As explained above, a "party need not prevail on all issues to justify an award of costs." *Fogleman*, 920 F.2d at 285. Instead, the case must be viewed as a whole to determine the prevailing party. *Id.* Thus, regardless of whether Carpedia obtained deposition testimony and evidence to support a claim that was ultimately dismissed does not control its entitlement for costs related to that evidence. The proper test is whether it was reasonably foreseeable that the evidence may be used for trial preparation at the time it was obtained. *See id.*

Under this test, it is clear that these employment records were relevant to Carpedia's defense of Peacock's fraud claims and the prosecution of Carpedia's counterclaims. This evidence likely would have been introduced at trial, and in fact portions of the employment records were introduced as evidence in support of Carpedia's motion for summary judgment. Dkt. 135 (Appendix of Summary Judgment Exhibits), Ex. H. The court therefore finds that the employment records were necessarily obtained for use in the case, and Peacock's objection is **OVERRULED**.

3.      *Transcripts of Peacock's Deposition*

Carpedia seeks $1,967.60 for the certified transcript of Peacock's deposition and $1,212.50 for the videotaped version of the deposition. Dkt. 192 at 3. Peacock objects to these expenses, arguing that they were unnecessary because Peacock would have been present at trial. Dkt. 193 at 5. Peacock further adds that the costs of a videotaped deposition are not taxable under 28 U.S.C. § 1920(2). *Id.*

First, the court does not hesitate to find that the stenographic transcript was necessarily obtained for use in the case, as both parties cited to Peacock's deposition transcript in the summary judgment briefing. Dkt. 134 at 27–28 (Carpedia's citation to Peacock's deposition, attached as Dkt. 135, Ex. E); Dkt. 158 at 9 (Peacock's response to Carpedia's motion for summary judgment, citing Peacock's deposition testimony, attached as Ex. CC thereto); *Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 976 (S.D. Tex. 2011) (Lake, J.) (overruling objections to costs for depositions that plaintiff cited in pretrial motions). The court thus **OVERRULES** Peacock's objection to the cost of plaintiff's stenographic transcript because Carpedia reasonably anticipated that the transcript would be used for trial preparation.

Second, regarding the videotaped deposition, the court initially notes that Peacock incorrectly claims that videotaped deposition costs are not taxable. As detailed in *Baisden*, the cost-shifting statute was amended in 2008 to permit recovery of costs for videotaped depositions. *Baisden*, 793 F. Supp. 2d at 976 (citing *S&D Trading Academy, LLC v. AAFIS, Inc.*, 336 F. App'x 443, 450–51 (5th Cir. 2009) (noting that under the amended version of § 1920(2), the court may now tax fees for "electronically recorded transcripts")). However, the claimant must still demonstrate that the fees requested for the videotaped depositions are necessarily obtained for use in trial. The court cannot make that finding in this case. Although Carpedia *could* have used portions of the videotaped

deposition at trial, Carpedia also could have impeached and cross-examined Peacock fully as a live witness. The videotaped deposition was not necessary for trial preparation, and the court **SUSTAINS** Peacock's objection to this cost.

> 4.    *Pretrial Hearing Transcripts*

Carpedia seeks $816.40 for the expenses of pretrial hearing transcripts on discovery and other procedural issues. Dkt. 192 at 3. This court need not consider Peacock's objection, however, because Carpedia has withdrawn its request for costs related to these transcripts. *See* Dkt. 199 at 7 n.4. Peacock's objection is **OVERRULED AS MOOT**.

> 5.    *Exemplification and Copy Costs*

Carpedia seeks $1331.40 for "[f]ees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case." Dkt. 192 at 1; 28 U.S.C. § 1920(4). Peacock challenges Carpedia's request on two grounds: (1) twenty cents per page is *per se* excessive without providing support for the copy rate; and (2) costs for court courtesy copies are unreasonable because those copies are not required by the federal or local rules. Dkt. 193 at 6–7.

First, Peacock cites *Fogleman*, 920 F.2d at 286, for the proposition that a copy rate of twenty cents per page is excessive and does not reflect the actual cost of reproduction. Dkt. 193 at 6. *Fogleman*, however, was decided more than twenty years ago, and does not reflect current copy costs. Nevertheless, the *Fogleman* court suggested a copy rate of ten cents per page would be reasonable, which in today's dollars equals seventeen cents per page.[4] *Fogleman*, 920 F.2d at 286–87. Given counsel's declaration that the copy costs were "necessarily incurred in this action,"

---

[4] *See* United States Department of Labor, Bureau of Labor Statistics, CPI INFLATION CALCULATOR, http://www.bls.gov/data/inflation_calculator.htm (indicating the change in prices for goods and services from 1991 to 2012).

Dkt. 192 at 1, and that the requested copy rate differs negligibly from the present-day value of copy costs discussed in *Fogleman*, the court finds that a Houston market rate of twenty cents per page to be fair and reasonable. *See also Canion v. United States*, 2005 WL 2216881, at *4 (W.D. Tex. Sept. 9, 2005) (deeming a copy rate of $0.25 per page to be reasonable in the El Paso market).

Second, Peacock objects to copy costs incurred by Carpedia for summary judgment briefing. "The cost of copying other documents is subject to the same standard as that of copying depositions: reproductions necessarily obtained for use in the case are included within taxable costs, provided that the prevailing party demonstrates that necessity." *Fogleman*, 920 F.2d at 286. Peacock specifically challenges the costs of certain copies, asserting that copies for the convenience of the parties and the court are not necessarily incurred for trial. Dkt. 193 at 6–7. Carpedia responds that the copies for opposing counsel and the court "were necessarily obtained for use in the case and essential to the trial of the matter in the summary judgment context." Dkt. 199 at 15. The court agrees with Carpedia.

In *Fogleman*, the Fifth Circuit approved taxing the costs of "reproducing relevant documents and exhibits for use in the case." *Fogleman*, 920 F.2d at 286. Carpedia is not seeking to recover its costs for multiple copies reproduced for the convenience of counsel. Instead, Carpedia requests taxation of costs for one copy of summary judgment briefing provided to opposing counsel and another copy provided to the court. While Peacock characterizes court courtesy copies as unnecessary, this court's procedures require courtesy copies of "all documents that exceed ten (10) pages in length, including exhibits and attachments . . . ." Judge Miller's Procedures, ¶ 2(B), *available at* http://www.txs.uscourts.gov/district/judges/ghm/procedures.htm. Carpedia's request for the cost of two copies of summary judgment briefing is reasonable under § 1920(4). Peacock's

objections to Carpedia's copying costs are **OVERRULED**. Carpedia is awarded $1331.40 in copy costs.

### III. CONCLUSION

For the foregoing reasons, Peacock's motion to strike (Dkt. 193) is **DENIED**, and his objections to Carpedia's bill of costs (Dkt. 193) are **SUSTAINED IN PART & OVERRULED IN PART**. The Clerk is hereby **ORDERED** to tax costs in the amount of **$7712.25** against plaintiff Gregory Peacock and in favor of Carpedia International, Ltd., the prevailing party. This amount is the sum of the following recoverable costs:

(1) fees for transcripts, § 1920(2)—$6380.85; &

(2) fees for exemplification and copies, § 1920(4)—$1331.40.

It is so ORDERED.

SIGNED at Houston, Texas on October 10, 2012.

Gray H. Miller
United States District Judge